FILED
2013 Sep-05 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALONZO HOUSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:12-cv-02219-KOB-MHH |
| STATE OF ALABAMA, *et al.*, | ) ) ) |
| Defendants. | ) |

# **ORDER**

In this action, plaintiff Alonzo Houston, a federal prisoner, seeks return of certain property ($3,088.00) seized at the time of his April 7, 2004, arrest for bank robbery. He also seeks monetary damages against the individual defendants for alleged violations of his constitutional rights in connection with the seizure and the alleged failure to properly remit the funds.

The magistrate judge filed a report on January 23, 2013, recommending that the court dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) because Mr. Houston has failed to state a claim upon which relief may be granted. (Doc. 8). The magistrate judge found that collateral estoppel or issue preclusion barred the plaintiff's claim for return of the property because the plaintiff fully and fairly litigated that claim in the five post-conviction motions he filed in this court. (Doc. 8, p. 4). The magistrate judge also found that the applicable statute of

limitations barred the plaintiff's constitutional claim for monetary damages and that the remedies available under Alabama tort law with respect to loss of property are sufficient to satisfy due process under *Hudson v. Palmer*, 468 U.S. 517 (1984) and *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

Mr. Houston filed objections to the report and recommendation on February 11, 2012.  (Doc. 9).  He contends that collateral estoppel does not bar his claim because the federal government did not have jurisdiction over the property when he filed his post-conviction motions, and he filed his federal motions only as a response to a ruling by the Jefferson County Circuit Court that indicated his claims were not viable in state court.  (Doc. 9, pp. 2-5).  He appears to argue that because his claims were not properly before the court when he filed his post-conviction motions, collateral estoppel does not bar his current claim.

Mr. Houston's objections are without merit.  Rule 41(g) of the Federal Rules of Criminal Procedure allows a person aggrieved by the deprivation of property to move for return of property at the close of criminal proceedings.  The court treats a defendant's Rule 41(g) motion as a civil action in equity.  *See United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).  The magistrate judge's report and recommendation identifies the several post-conviction motions that Mr. Houston filed

for return of property.  Because the motions were fully and fairly litigated in this court, Mr. Houston is collaterally estopped from re-asserting the motions in this § 1983 action.

Moreover, the *Rooker-Feldman* doctrine precludes this court from reviewing the state court decisions regarding Mr. Houston's parallel state court motions.  *See Lance v. Dennis*, 546 U.S. 459, 463 (2006).  That doctrine provides that federal district courts do not have jurisdiction to review final state court decisions.  *Id.*  That power is reserved solely for the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *Id.*  The plaintiff also incorrectly asserts that he filed his constitutional claim for monetary damages on time. The magistrate judge accurately described the state of the law regarding the statute of limitations applicable to claims under 42 U.S.C. § 1983.  (Doc. 8, pp. 5-6).  The applicable two-year statute of limitations bars Mr. Houston's § 1983 claims arising from events that occurred in April, 2004.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court is of the opinion that the magistrate judge's report is due to be and hereby is **ADOPTED** and the recommendation is **ACCEPTED**.  This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for

failing to state a claim upon which relief can be granted.  This Order constitutes a final judgment.

Mr. Houston's renewed motion for appointment of counsel (Doc. 10) is **DENIED**.

The Clerk of Court is **DIRECTED** to serve a copy of this Order upon Mr. Houston and to close this file.

DONE and ORDERED this 5th day of September, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE